**No. 45712.**—Protests 38164–K, etc., of Daniel F. Young, Inc. (New York).

KINCHELOE, Judge: These suits are for the recovery of duty alleged to have been improperly assessed by the collector of customs at the port of New York

on certain books at the rate of 7½ percent ad valorem under paragraph 1410, Tariff Act of 1930, as amended by the trade agreement with the United Kingdom (T. D. 49753), as books of bona fide foreign authorship. They are claimed to be entitled to free entry under the provisions of paragraph 1631 of said act, reading as follows:

PAR. 1631. Any society or institution incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts, or any college, academy, school, seminary of learning in the United States, or any State or public library, may import free of duty any book, music, engraving, photograph, etching, lithographic print, or chart, for its own use or for the encouragement of the fine arts, and not for sale, under such rules and regulations as the Secretary of the Treasury may prescribe.

The regulations of the Secretary of the Treasury with respect to the free entry of merchandise under said paragraph 1631, issued in pursuance thereof, are embodied in article 448 (c), Customs Regulations of 1937, and read as follows:

Art. 448 (c). A certificate of delivery signed by an authorized executive officer or other representative of the institution, customs Form 3337, must be filed within 6 months from the date of entry, before liquidation thereof free of duty. Upon failure to file said certificate within 6 months the entry shall be liquidated as dutiable. Such certificate of delivery is not required when the importation is consigned to the institution or the receipt of the articles is acknowledged by the institution on customs Form 3321.

From the foregoing regulation it will be seen that the said certificate of delivery must be filed within 6 months from the date of entry as a condition precedent to the right of free entry under said paragraph 1631, except (1) when the importation is consigned to the institution, or (2) when the receipt of the articles is acknowledged by the institution on customs Form 3321.

In the case of both entries the collector has reported that the said certificates of delivery were not filed within the 6-months' time provided by said Treasury Regulations, and that the merchandise was therefore subjected to the duty assessed.

It is not claimed by plaintiff that the said certificates of delivery were filed within the time prescribed by the Secretary of the Treasury, but that such part of the regulations is unreasonable. The plaintiff, however, relies more on a compliance with the second provision of said regulations, namely, that the merchandise was consigned to the institution, and (2) that the receipt of the merchandise on customs Form 3321 was acknowledged by the institution.

An examination of the entry papers shows that the importations were consigned to Daniel Young, Inc., although the name of the ultimate consignee is given as the New York Public Library. This is hardly a compliance with said regulations.

Lastly, while the declarations on customs Form 3321, appear to have been filed with the entries, and were signed by the Superintendent of Book Ordering for the New York Public Library, as well as by the attorney for the American News Co., as dealer or agent, they state that the "said articles have not been actually delivered to said institution on or prior to June 19, 1939," which was the date of such declarations. Such certificates certainly cannot be regarded as acknowledgements of actual receipts of the books by the institution.

It is a well-settled rule in the administration of customs laws that where a particular paragraph of a tariff act specifically authorizes the Secretary of the Treasury to promulgate regulations thereunder, such regulations are mandatory and have the force and effect of law, and that a compliance therewith is a condition precedent to entitle an importer to the benefits granted by Congress, unless said regulations are unreasonable or in contravention of the law itself, *Grieve & Co.* v. *United States*, T. D. 46895; and the burden of proving any such regulations invalid as

unreasonable or contrary to law is upon the importer. *United States* v. *McGraw Wool Co.*, T. D. 45296.

The present case offers no exception to such rule. So far as we can see the requirements of said regulations on their face are reasonable and can well be complied with. In any event it has not been shown in any way that said regulations are unreasonable or that they could not have been complied with. The protests are therefore overruled.

Judgment will be rendered accordingly.